BLD-029                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3166
_____

UNITED STATES OF AMERICA

v.

GENE ALLEN HERROLD,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 91-cr-00071)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 on November 4, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 16, 2010)
_____

OPINION
_____

PER CURIAM

       Gene Herrold, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania striking his demand to

dismiss his indictment and an order denying his motion for reconsideration. We will affirm the judgment of the District Court.

In 1992, Herrold was convicted of possession of a firearm by a convicted felon and using and carrying a firearm during and in relation to a drug trafficking offense. Herrold appears to have received an aggregate sentence of 391 months in prison. We affirmed Herrold's conviction on direct appeal and the United States Supreme Court denied certiorari. Since 1994, Herrold has unsuccessfully tried to attack his conviction through numerous motions to vacate his sentence pursuant to 28 U.S.C. § 2255, habeas petitions pursuant to 28 U.S.C. § 2241, and applications under 28 U.S.C. § 2244(b) for authorization to file second or successive § 2255 motions.

On February 26, 2010, Herrold filed a document in the United States District Court for the Middle District of Pennsylvania titled "Notice and Demand to Dismiss for Lack of Criminal Jurisdiction," asserting that the District Court had lacked jurisdiction over his criminal proceedings. On March 26, 2010, the District Court issued an order striking the document, finding it patently frivolous and stating that Herrold had no matter pending in District Court. The District Court further stated that the filing presented no avenue for relief recognized by the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

On April 6, 2010, Herrold wrote a letter to the District Court requesting a ruling on his filing. The District Court responded that it had stricken Herrold's filing from the record because it was not filed in accordance with any rule of federal or criminal

procedure. Herrold then filed a document titled "Motion For Reconsideration And For Other Relief," stating that he had received the District Court's letter but that he had not received the Court's order. He asked the District Court to toll the entry date of its March 26, 2010, order to allow him to obtain the order and file either a motion for reconsideration or notice of appeal. Herrold also asserted that he had filed his demand for dismissal pursuant to specific rules of civil procedure.

The District Court denied the motion for reconsideration, finding it frivolous and lacking a supporting brief. The District Court noted that Herrold previously had filed motions to vacate his sentence, which were decided adversely to him. The District Court also stated that Herrold must obtain permission from our Court to file a successive motion to vacate sentence pursuant to 28 U.S.C. § 2255. This appeal followed.

Herrold asserts on appeal that that federal government lacked jurisdiction to prosecute him because the alleged illegal activity charged in his indictment did not take place within the territorial jurisdiction of the federal government. A federal prisoner's challenge to the legality of his conviction must be raised in a motion pursuant to 28 U.S.C. § 2255. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (holding federal prisoner was required to bring challenge to district court's jurisdiction in a § 2255 motion).[1] Because Herrold has already challenged his conviction

_____

[1] In rare cases, where the remedy under § 2255 would be "inadequate or ineffective," a federal prisoner can seek relief under 28 U.S.C. § 2241. See id. This is not such a case.

3

through a § 2255 motion, the District Court correctly noted that he must obtain this Court's authorization to file a second or successive § 2255 motion in District Court. 28 U.S.C. § 2255(h). In light of Herrold's numerous attempts to attack his conviction, we find no error in the District Court's striking of his latest filing demanding the dismissal of his criminal case and its denial of his motion for reconsideration.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.